Slip Op. 13-122

UNITED STATES COURT OF INTERNATIONAL TRADE

E & S EXPRESS INC. and SIMON YING,  :

                              Plaintiffs,        :

                                                          Court No. 13-00083
                    v.                             :

UNITED STATES,                          :

                              Defendant.        :

[Granting Defendant's Motion to Dismiss for Lack of Jurisdiction]

Dated:  September 18, 2013

Carolyn Shields, Liu & Shields LLP, of Flushing, New York, for Plaintiffs.

Marcella Powell, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, New York, for Defendant.  With her on the brief were Stuart F. Delery, Assistant Attorney General, Civil Division, and Barbara S. Williams, Attorney in Charge, International Trade Field Office.  Of counsel on the brief was Chi S. Choy, Office of the Assistant Chief Counsel, International Trade Litigation, Bureau of Customs and Border Protection, U.S. Department of Homeland Security, of New York, New York.

# OPINION

RIDGWAY, Judge:

In this action, Plaintiffs E & S Express Inc. and Simon Ying ("E & S Express") challenge

the decision of the Bureau of Customs and Border Protection denying E & S Express's protest

contesting the assessment of supplemental antidumping duties, with interest, on certain entries of

wooden bedroom furniture from the People's Republic of China ("PRC").  Complaint ¶¶ 2, 4, 31-32,

34.[1]  E & S Express contends that the supplemental antidumping duties were erroneously assessed

_____

[1]The Bureau of Customs and Border Protection – part of the U.S. Department of Homeland Security – is commonly known as U.S. Customs and Border Protection ("CBP"), and is referred to

and that no additional duties are owed, and, through this action, seeks various assorted forms of relief.  *See generally* Complaint.

The Government has moved to dismiss the action for want of subject matter jurisdiction, arguing that, because E & S Express failed to pay the outstanding duties and interest before commencing this action, the company failed to fulfill the mandatory statutory prerequisites for jurisdiction.  *See generally* Defendant's Memorandum in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction at 1-4 ("Def.'s Motion to Dismiss"); Defendant's Reply Memorandum in Further Support of Motion to Dismiss for Lack of Jurisdiction ("Def.'s Reply Brief").  *But see* Plaintiffs' Opposition to the Government's Motion to Dismiss ("Pls.' Response Brief").

As set forth below, Defendant's Motion must be granted, and this action must be dismissed.

## I.  **Background**

As a general matter, on a motion to dismiss for lack of jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).[2]  At issue in this action is Customs' assessment of $76,895.26 in supplemental antidumping duties, with interest, on nine entries of wooden bedroom furniture from the PRC which was produced by Chinese manufacturer Wanhengtong Nueevder (Furniture) Manufacture Co., Ltd.  *See*

as "Customs" herein.

[2]The Government has not filed an Answer in this matter, and, in its briefing on the Motion to Dismiss, has confined itself to the issue of subject matter jurisdiction.  The Government thus has taken no position on the accuracy of E & S Express's factual representations or the substantive merits of this case.

Complaint ¶¶ 4, 9.  E & S Express imported the merchandise and took delivery in 2009.  *See id.* ¶

4.  At the times of entry, E & S Express paid or deposited antidumping duties of at least $14,613.66.

*See id.* ¶ 11.  In addition, the entries were covered by a continuous customs bond in the amount of

$50,000 posted by E & S Express, which was in effect from June 28, 2007 until January 28, 2011.

*See id.* ¶ 14; Declaration of Carolyn Shields ¶ 3.

 E & S Express sold the subject merchandise in 2009 and 2010.  *See* Complaint ¶ 9.  In

February 2012, Customs sent the company bills for supplemental antidumping duties and interest

assertedly owed on the nine entries.  *See id.* ¶¶ 4, 13.  E & S Express avers that the nine bills that

it received in February 2012 – "[b]etween more than two years and more than three years" after the

merchandise was imported, and "approximately ten months after [the company] was dissolved" in

2011 – were the first notice that the company had received of Customs' claim for supplemental

antidumping duties and interest.  *See id.* ¶¶ 1, 4, 12-14.

 E & S Express contends, among other things, that the supplemental antidumping duties were

assessed at a rate that was not applicable because, according to the company, the "effective date [of

the rate] post-date[d] the dates of entry" of the relevant merchandise, and because, according to the

company, the rate was rescinded by the U.S. Department of Commerce.  *See* Complaint ¶¶ 5-6, 15-

16 (*citing* Wooden Bedroom Furniture From the People's Republic of China:  Final Results and

Final Rescission in Part, 76 Fed. Reg. 49,729 (Aug. 11, 2011) (administrative review covering

period January 1, 2009 through December 31, 2009); Wooden Bedroom Furniture From the People's

Republic of China: Partial Rescission of Antidumping Duty Administrative Review and Intent to

Rescind, in Part, 77 Fed. Reg. 52,311 (Aug. 29, 2012) (administrative review covering period

January 1, 2011 through December 31, 2011)).  Specifically, E & S Express asserts that, as of

August 2012, Commerce "rescinded the rate it had determined to apply to merchandise

manufactured" by Wanhengtong (the producer of the merchandise at issue in this action), and that

Commerce "instructed Customs to impose antidumping duties at rates equal to the cash deposit of

estimated antidumping duties required at the time of entry . . . [*i.e.*], 7.24 percent" – a sum that E &

S Express states it had previously paid, "leaving no additional duties owed."  *See* Complaint ¶ 16

(*citing* Wooden Bedroom Furniture From the People's Republic of China: Partial Rescission of

Antidumping Duty Administrative Review and Intent to Rescind, in Part, 77 Fed. Reg. 52,311 (Aug.

29, 2012); Notice of Amended Final Determination of Sales at Less Than Fair Value and

Antidumping Duty Order/Pursuant to Court Decision: Wooden Bedroom Furniture From the

People's Republic of China, 71 Fed. Reg. 67,099 (Nov. 20, 2006)).

        In addition, E & S Express argues that – even if the assessment of supplemental antidumping

duties was otherwise proper – the assessment, "coming more than two to more than three years after

the dates of entry of the goods, and without notice to [the company], and after [the company] had

sold the goods to U.S. customers and no longer could increase the price of goods sold" denied the

company due process and "defeat[ed] a primary purpose of antidumping duties."  *See* Complaint ¶

8.  E & S Express further alleges a wide range of procedural irregularities (*see generally id.* ¶¶ 18-

29, 33-34), and specifically claims (in five causes of action) that (1) it is improper to impose

antidumping duties on a dissolved corporation (*id.*  ¶¶ 35-38), (2) that the antidumping duties at

issue are "impermissibly retroactive" (*id.* ¶¶ 39-44), (3) that imposition of the antidumping duties

would violate E & S Express's procedural due process rights (*id.* ¶¶ 45-50), (4) that the claim for

interest lacks merit and would deprive E & S Express of due process (*id.* ¶¶ 51-54), and (5) that the

claim for antidumping duties is barred by the applicable statute of limitations or laches (*id.* ¶¶ 55-

57).

E & S Express filed a protest as to the claim for supplemental antidumping duties and

interest on April 20, 2012. *See* Complaint ¶ 31. The protest was denied on August 31, 2012, and

this action – commenced with E & S Express's filing of its Summons on February 27, 2013 –

followed. *See id.* ¶ 32; Summons (filed Feb. 27, 2013). Customs issued a "Follow Up on Formal

612 Demand" on E & S Express's surety on April 17, 2013. *See* Shields Declaration ¶ 5 & Exh. A

(copy of "Follow Up on Formal 612 Demand"). As the name of the mid-April 2013 document

suggests, it was a "follow up" to an earlier demand on the surety, made May 1, 2012. *See* Def.'s

Reply Brief at 2 n.2 & Exh. A ("Formal Demand on Surety for Payment of Delinquent Amounts

Due"). The amount of the relevant bond – $50,000 – would have sufficed to cover the duties

allegedly owed under the first six of the nine bills at issue. *See* Shields Declaration ¶¶ 3, 6.[3] As of

at least late July 2013, however, Customs still had received no payment from the surety. *See* Def.'s

Reply Brief at 2 n.2.

---

[3]E & S Express thus has not alleged that this is a case involving "an increase in duty liability approaching the magnitude alleged in [International Custom Products], either in relative (2400%) or absolute ($28 million) terms." *Compare* Int'l Custom Prods., Inc. v. United States, 37 CIT ____, ____, 2013 WL 4756002 * 4-7 (2013) (finding jurisdiction pursuant to 28 U.S.C. § 1581(i) over plaintiff's claim that – in light of the magnitude of rate advance there at issue – prepayment requirement of 28 U.S.C. § 2637(a) violated plaintiff's "First Amendment right to petition the government via access to the courts," but then dismissing count for failure to state claim upon which relief can be granted).

Quite to the contrary, as noted above, E & S Express here makes much of the fact that its bond alone would have covered at least six of the nine entries at issue. *See* Shields Declaration ¶¶ 3, 6. Moreover, as discussed below, E & S Express has explicitly and unequivocally abandoned its claim of jurisdiction pursuant to 28 U.S.C. § 1581(i). *See* n.4, *infra*.

## II. <u>Analysis</u>

The existence of subject matter jurisdiction is a threshold inquiry.  *See*, *e.g.*, <u>Steel Co. v.</u>

<u>Citizens for a Better Environment</u>, 523 U.S. 83, 94-95 (1998).  Where subject matter jurisdiction is

challenged, the plaintiff bears the burden of proving that jurisdiction exists.  <u>Trusted Integration,</u>

<u>Inc.</u>, 659 F.3d at 1163; *see also* <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189

(1936); <u>Norsk Hydro Canada, Inc. v. United States</u>, 472 F.3d 1347, 1355 (Fed. Cir. 2006).

As a sovereign, the United States is immune from suit, unless and except to the extent that

it consents to be sued.  *See* <u>Georgetown Steel Corp. v. United States</u>, 801 F.2d 1308, 1312 (Fed. Cir.

1986) (*quoting* <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980)).  Thus, where – as here – a

waiver of sovereign immunity is at issue, the language of the statute must be strictly construed, and

any ambiguities resolved in favor of immunity.  <u>FAA v. Cooper</u>, ____ U.S. ____, ____, 132 S. Ct.

1441, 1448 (2012) (*citing* <u>United States v. Williams</u>, 514 U.S. 527, 531 (1995)); <u>Zoltek Corp. v.</u>

<u>United States</u>, 672 F.3d 1309, 1318 (Fed. Cir. 2012); <u>Blueport Co. v. United States</u>, 533 F.3d 1374,

1378 (Fed. Cir. 2008).  The limits of a waiver of sovereign immunity define a court's jurisdiction

to entertain suit.  *See* <u>Hercules, Inc. v. United States</u>, 516 U.S. 417, 422-23 (1996); <u>Blueport Co.</u>,

533 F.3d at 1378; <u>United States v. Boe</u>, 64 CCPA 11, 15, 543 F.2d 151, 154 (1976).

Here, E & S Express invokes 28 U.S.C. § 1581(a), which vests the U.S. Court of

International Trade with exclusive jurisdiction over "any civil action commenced to contest the

denial of a protest."  *See* Complaint ¶ 3; 28 U.S.C. § 1581(a) (2006).[4]  Under that provision, a

_____

[4]All statutory citations herein are to the 2006 edition of the United States Code.

In its Complaint, E & S Express asserted jurisdiction under both 28 U.S.C. §1581(a) and 28
U.S.C. § 1581(i), which confers "residual" jurisdiction on the Court.  As the Government has
explained, however, residual jurisdiction under 28 U.S.C. § 1581(i) is not available where, as here,

plaintiff is entitled to challenge Customs' denial of its protest in this Court, provided that the

plaintiff does two things to "perfect" jurisdiction.  Like so much of life, it boils down to a matter of

time and money.

Specifically, 28 U.S.C. § 2636(a)(1) – the "time" requirement – mandates that the plaintiff

must commence its action by filing a summons with the Court "within [180] days after the date of

mailing of [Customs'] notice of denial of [the] protest."  *See* 28 U.S.C. § 2636(a)(1).  In addition,

28 U.S.C. § 2637(a) – the "money" requirement – requires the payment of "all liquidated duties,

charges, or exactions" *before* the action is commenced (with the proviso that a surety's obligation

to make payment as a precondition to suit is limited to the amount of the applicable bonds).  *See* 28

U.S.C. § 2637(a); *see also* Heartland By-Prods., Inc. v. United States, 568 F.3d 1360, 1363 n.3 (Fed.

Cir. 2009); United States v. Boe, 64 CCPA at 15-16, 543 F.2d at 154-55 (explaining that jurisdiction

over action challenging denied protest lies only where, *inter alia*, all required payments have been

made, and emphasizing "mandatory" nature of that "jurisdiction-conferring term[]").  Moreover, the

"duties, charges, [and] exactions" owed must be paid in full, to the very last penny.  There is zero

margin for error, and no exceptions – not even "for nominal amounts left unpaid at the time the

---

jurisdiction under some other provision is (or could have been) available, unless the remedy
provided under the other provision would be manifestly inadequate; moreover, E & S Express failed
to satisfy the procedural requirements for jurisdiction pursuant to § 1581(i).  *See* Def.'s Motion to
Dismiss at 4 (*citing*, *inter alia*, Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987));
Fujitsu Gen'l America, Inc. v. United States, 283 F.3d 1364, 1371 (Fed. Cir. 2002); *see generally*
Def.'s Motion to Dismiss at 4-6; *see also id.* at 6-8 (arguing that jurisdiction under 28 U.S.C. §
1581(i) is not available because E & S Express failed to comply with the procedural requirements
for jurisdiction under that statute).  Accordingly, E & S Express has abandoned its claim to
jurisdiction under that provision.  *See* Pls.' Response Brief at 3 (advising that "Plaintiff does not
press its allegation . . . [of] jurisdiction under 28 U.S.C. § 1581(i)"); *see also* Def.'s Reply Brief at
2 n.2 (noting that "E & S Express has abandoned all causes of action brought under 28 U.S.C. §
1581(i)").

summons is filed." Penrod Drilling Co. v. United States, 13 CIT 1005, 1008, 727 F. Supp. 1463, 1466 (1989), aff'd, 925 F.2d 406 (Fed. Cir. 1991).

Reading the two statutory provisions – 28 U.S.C. § 2636(a)(1) and 28 U.S.C. § 2637(a) – in concert, it is clear that, for an importer such as E & S Express wishing to seek judicial review of the denial of a protest, the 180-day period following Customs' mailing of the notice of denial of protest is critical.  Within that period, the importer must (1) pay any duties and interest that remain outstanding, and then (2) file a summons with this Court.

In the case at bar, it is undisputed that E & S Express filed its summons within the 180-day period.  See Complaint ¶ 32 (indicating that protest was denied August 31, 2012); Summons (filed Feb. 27, 2013).  However, it is similarly undisputed that the assessed supplemental antidumping duties and interest have not been paid.  See Def.'s Motion to Dismiss at 4 (stating that E & S Express "did not pay [the] outstanding antidumping duties prior to the commencement of this action"); Pls.' Response Brief at 1-3 (implicitly conceding that outstanding antidumping duties and interest were not paid prior to commencement of action, and arguing that prepayment was not required under the circumstances of the case).  This fact is fatal to E & S Express's maintenance of this action.[5]

---

[5]In another action in which the Government moved to dismiss the complaint (albeit under very different facts), the Government cited "an unbroken line of cases holding that payment is a strict condition precedent to judicial review."  See Atteberry v. United States, 27 CIT 1070, 1081 & n.32 (2003) (string-citing cases stretching from 2002 back to 1973); see also Heartland By-Prods., Inc., 568 F.3d at 1363 n.3 (stating that "[t]o obtain § 1581(a) jurisdiction [i.e., jurisdiction to review denial of a protest], an importer must pay the duties as to which a protest has been denied"); Int'l Custom Prods., Inc., 37 CIT at ____, 2013 WL 4756002 at * 3; Epoch Design LLC v. United States, 36 CIT ____, ____, ____, 810 F. Supp. 2d 1366, 1370, 1371 (2012); United States v. Landweer, 36 CIT ____, ____, 816 F. Supp. 2d 1364, 1369-70 (2012) (discussing, but not applying, 28 U.S.C. § 2637(a)); Great American Ins. Co. of New York v. United States, 34 CIT ____, ____, 710 F. Supp. 2d 1346, 1349-51 (2010); Int'l Custom Prods., Inc. v. United States, 33 CIT 79, 83-84 (2009); Int'l Custom Prods., Inc. v. United States, 32 CIT 465, 465-66 (2008); American Nat'l Fire Ins. Co. v. United States, 30 CIT 931, 946, 441 F. Supp. 2d 1275, 1291 (2006); Tak Yuen Corp. v. United

In an effort to avoid dismissal, E & S Express endeavors to cast its case as one falling within an extremely narrow, court-created "exception" to the prepayment requirement. In that handful of cases, the Court of International Trade has exercised its equitable powers to reapportion partial payment of duties and interest with respect to all entries (*i.e.*, partial payment made before litigation was commenced) so as to treat the partial payment as full payment with respect to a subset of the entries at issue. The Court then has exercised jurisdiction as to the subset of entries, and has severed and dismissed all other entries for lack of jurisdiction. *See* Pls.' Response Brief at 2-3 (*citing, inter alia*, Mercado Juarez/Dos Gringos v. United States, 16 CIT 625, 626-27, 796 F. Supp. 531, 532 (1992) (following Eddietron rationale, reapportioning plaintiff's partial payment of duties and interest with respect to all entries so as to permit full payment as to 23 of 26 entries for purposes of preserving court jurisdiction over the 23 entries)).[6] But both the law and the facts cut against E &

_____

States, 29 CIT 543, 545-50 (2005); Enlin Steel Corp. v. United States, 28 CIT 968 (2004).

[6]*See also* Eddietron, Inc. v. United States, 84 Cust. Ct. 158, 163-65, 493 F. Supp. 585, 589-90 (1980) (where partial payment of duties and interest was made with respect to six entries, court reapportioned that sum to treat as full payment as to one entry, to permit court to exercise jurisdiction as to that entry); United States v. Novelty Imports, Inc., 60 CCPA 131, 133-34 & n.5, 476 F.2d 1385, 1387 & n.5 (1973) (endorsing view that "[s]o long as a valid protest has been filed and the duties paid on a given entry or category of merchandise, the plaintiff is entitled to judicial review of the tariff treatment of that entry or category"; rejecting notion that jurisdictional statute "created an absolute ground for dismissal of *an* action when *all* duties have not been paid at the time of filing the action," and rejecting claim that "to allow severance of entries wherein duties had not been paid, while proceeding on the balance, would be a substantial departure from the explicit meaning of the statute").

As the explanation above makes clear, the doctrine reflected in Novelty Imports, Eddietron, and Mercado Juarez does not constitute a true "exception" to the prepayment requirement of 28 U.S.C. § 2637(a), because the doctrine nevertheless allows the exercise of jurisdiction over claims only to the extent that payment was made before litigation was commenced. The heart of the doctrine is the exercise of equitable powers to reallocate payment made before litigation was commenced so as to permit the exercise of jurisdiction as to some – albeit not all – of the entries at issue in a case. The doctrine thus does not allow the consideration of any payment made *after*

S Express's jurisdictional claim.

Pointing to the Customs' mid-April 2013 demand on the company's surety, E & S Express argues, in essence, that the jurisdictional requirement of 28 U.S.C. § 2637(a) should be waived as to six of the nine entries at issue, because the outstanding duties and interest *could have* been paid prior to the commencement of this action *if* Customs had made a demand on the surety before E & S Express commenced this action in February 2013 and *if* the surety had paid out on the applicable bond before the action was commenced.  *See* Pls.' Response Brief at 1-2.  Merely restating E & S Express's argument suffices to distinguish this case from the line of cases on which the company relies.  In each of those cases, the funds which served as a basis for jurisdiction over some (though not all) of the plaintiffs' claims were in fact already in Customs' possession when litigation was commenced.  That is plainly not the case here; and there is no basis in law or policy for extending the very narrow, court-created "exception" to the requirement of prepayment to encompass circumstances such as those that E & S Express alleges.

Similarly, merely stating the facts underpinning E & S Express's argument highlights the attenuated facts on which the company bases its jurisdictional claim.  In other words, E & S Express seeks to predicate jurisdiction on what it claims would have happened *if* Customs had made a demand on the surety before E & S Express commenced this action in February 2013, and *if* the surety had paid out on the applicable bond before commencement of the action.  Not only is E & S Express's theory several "ifs" too far (as a matter of law), but, moreover, the theory is belied by the record facts.  Thus, for example, E & S Express contends that the mid-April 2013 demand on the

---

litigation was commenced.  Nor does the doctrine allow consideration of any payment that *could have been made* prior to the commencement of litigation, but was not.

surety was the first such demand, and argues that Customs "could [ – and should – ] have made its demand two months earlier, before commencement of this action on February 27, 2013, thereby providing sufficient funds to pay the duties liquidated in the first 6 of the 9 bills." *See* Pls.' Response Brief at 1-2. In fact, however, Customs did make a demand on the surety before this action was commenced – indeed, long before the action was commenced, on May 1, 2012. *See* Def.'s Reply Brief at 2 n.2 & Exh. A ("Formal Demand on Surety for Payment of Delinquent Amounts Due"). Moreover, contrary to E & S Express's implication that any demand on the surety would result in immediate payment to Customs, the Government advises that – at least as of late July 2013 – the surety had yet to make any payment on the bond. *See* Def.'s Reply Brief at 2 n.2.

The bottom line is that – whatever the facts are or might have been – it is well-settled that 28 U.S.C. § 2637(a) is not subject to the court's discretion, and any failure to comply with the requirements of that provision cannot be waived or excused based upon equitable principles. *See*, *e.g.*, Nature's Farm Prods., Inc. v. United States, 819 F.2d 1127, 1128 (Fed. Cir. 1987), *aff'g* 10 CIT 676, 677-78, 648 F. Supp. 6, 7-8 (1986); Great American Ins. Co. of New York v. United States, 34 CIT ____, ____, 710 F. Supp. 2d 1346, 1351 (2010); Dazzle Mfg., Ltd. v. United States, 21 CIT 827, 828-29, 971 F. Supp. 594, 596 (1997); Glamorise Foundations, Inc. v. United States, 11 CIT 394, 397-98, 661 F. Supp. 630, 632-33 (1987).[7]

Whether or not Customs *could have* received payment from the surety of a portion of the outstanding duties and interest is not relevant. Payment of "all liquidated duties, charges, or

----

[7]*See also* Int'l Custom Prods., Inc., 33 CIT at 82-84 (rejecting argument that court may exercise 28 U.S.C. § 2637(a) jurisdiction pursuant to "its 'equitable powers' to grant relief with respect to all additional entries once Plaintiff has crossed the threshold . . . via the protest, denial, and deposit of duties . . . [as to] a single entry").

exactions" was a mandatory condition precedent to suit.  *See* 28 U.S.C. § 2637(a).  The failure to

make such payment prior to filing this action precludes the exercise of jurisdiction.

### III.  <u>Conclusion</u>

For all of the foregoing reasons, jurisdiction over this challenge to Customs' denial of E &

S Express's protest will not lie.  The Government's Motion to Dismiss therefore must be granted,

and this action dismissed for lack of subject matter jurisdiction.

Judgment will enter accordingly.

/s/ Delissa A. Ridgway
_____
Delissa A. Ridgway
Judge

Decided:  September 18, 2013
New York, New York